[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 MOTION FOR SUMMARY JUDGMENT [107]
This case involves the authenticity of the plaintiff's "Super Bowl XXII game piece."
Only five authentic "Super Bowl XXII game pieces" were to have been produced. Defendant states that "only five rare `Super Bowl XXII' game pieces were produced." Defendants' Memorandum In Support of Motion For Summary Judgment, May 4, 1992, p. 6. [107.25] There is nothing in the record which indicates more than five such pieces were produced.
Defendant "Blair did receive more claims for $25,000.00 prizes than the five $25,000.00 prizes which were intended to be awarded." "None of the game pieces submitted as `Super Bowl XXII' was one of the five rare pieces." Id @ 8.
Although defendants maintain plaintiff's "Super Bowl XXII game piece" was not authentic, they claim that even if his submission were authentic, defendants have no liability to plaintiff. They rely on Official Rule 6. It provides:
 "VERIFICATION * * * Game pieces and game boards that are tampered with, forged, mutilated, illegible, mechanically reproduced or contain printing or other errors will be null and void. In the event of a printing error, irregular game piece or irregular game board, neither The Coca-Cola Company, D.L. Blair Corporation, Coca-Cola Bottlers nor their respective agents shall have any liability. If, due to a printing or production error, more Instant Winner game pieces or key game pieces are distributed or more prizes are claimed than are intended to be awarded according to Rule #8, prizes will be awarded in a random drawing from among all prize claims received."
Defendants claim that plaintiff was afforded the benefits of Rule 6's random drawing. Defendants claim that even if his entry were authentic, at the most, plaintiff would be entitled to participate in that drawing. Plaintiff was entered in the random drawing. He was not one of the five "winners" selected at random from the drawing pool. CT Page 10929
There is nothing to indicate there was "a printing or production error." The record suggests otherwise. "None of the game pieces submitted as `Super Bowl XXII' was one of the five rare pieces." Id @ 8. It follows that all the claimants put in the Rule 6 random drawing had submitted non-authentic "Super Bowl XXII game pieces."
The court believes that the words of Rule 6, "If, due to a printing or production error" applies to the clause "more Instant Winner game pieces or key game pieces are distributed" and to the clause, "more prizes are claimed than are intended to be awarded."
The court rejects defendants' contention that placing plaintiff's entry in the random drawing exonerates defendants' liability to plaintiff. If that were so, arguably, defendants could place all entries "in the hat," authentic and non-authentic, and award the prizes to the five drawn at random. Thus five non-authentic entries could win the prizes while authentic "Super Bowl XXII game piece" entries would lose. This is hardly what the game rules provided. Defendants were obliged to determine the authenticity of each entry. They cannot dodge that responsibility simply by putting a disputed entry "in the hat."
Defendants say none of the entries placed in the random drawing had an authentic "Super Bowl XXII game piece." The random drawing was to be used only if more than five entries contained an authentic "Super Bowl XXII game piece." This could happen only if there had been "a printing or production error." No entries having been received with an authentic "Super Bowl XXII game piece," except perhaps plaintiff's, resort to the random drawing was inappropriate.
If plaintiff's entry contains an authentic "Super Bowl XXII game piece," he is entitled to a $25,000 prize. CT Page 10930